IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LEONARD SHACK, #142 812,     ) | |
|        ) | |
|   Plaintiff,     ) | |
|        ) | |
| v.     ) | CASE NO. 2:19-CV-402-MHT-SMD |
|        ) | [WO] |
| ALABAMA DEPT. OF CORR., *et al.*,     ) | |
|        ) | |
|   Defendants.     ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the Court on a Complaint filed by Leonard Shack ("Shack"), a state inmate confined at the Bullock Correctional Facility ("Bullock") in Union Springs, Alabama. (Doc. 1). In his Complaint, Shack challenges Defendants' failure to protect him from an inmate assault, citing deficiencies in staffing and security. *Id.* at 2-3. Shack names as defendants the State of Alabama, the Alabama Department of Corrections ("ADOC"), Officer Fitzpatrick, and Lieutenant Witney. Upon review, the undersigned concludes Shack's claims against the State of Alabama and ADOC are due to be dismissed prior to service of process in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1]This court granted Shack leave to proceed *in forma pauperis* in this civil action. (Doc. 5). A prisoner granted *in forma pauperis* status will have his complaint screened under the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss the complaint prior to service of process if it determines that the claims raised therein are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II.  DISCUSSION

Shack names the State of Alabama and ADOC as defendants.  (Doc. 1).  The Eleventh Amendment bars suit directly against a state or its agencies regardless of relief sought.  *Papasan v. Allain*, 478 U.S. 265 (1986); *Pennhurst State School & Hosp. v. Halderman*, 465 U.S. 89 (1984) (finding that unless the State of Alabama consents to suit or Congress rescinds its immunity, a plaintiff cannot proceed against the State as the action is proscribed by the Eleventh Amendment and "[t]his bar exists whether the relief sought is legal or equitable.").

> [T]he Eleventh Amendment prohibits federal courts from entertaining suits by private parties against States and their agencies.  There are two exceptions to this prohibition: where the state has waived its immunity or where Congress has abrogated that immunity.  A State's consent to suit must be unequivocally expressed in the text of [a] relevant statute.  Waiver may not be implied.  Likewise, Congress' intent to abrogate the States' immunity from suit must be obvious from a clear legislative statement.

*Selensky v. Alabama*, 619 F. App'x 846, 848-49 (11th Cir. 2015) (citations and internal quotations omitted).  Thus, the State of Alabama, and by extension, ADOC, may not be sued unless the State has waived its Eleventh Amendment immunity, *see Pennhurst State Sch. & Hospital v. Halderman*, 465 U.S. 89, 100 (1984), or Congress has abrogated the State's immunity, *see Seminole Tribe v. Florida*, 517 U.S. 44, 59 (1996).  "Neither waiver nor abrogation applies here.  The Alabama Constitution states that the State of Alabama shall never be made a defendant in any court of law or equity. The Supreme Court has recognized that this prohibits Alabama from waiving its immunity from suit."  *Selensky*, 619 F. App'x at 849 (citations and internal quotations omitted).  "Alabama has not waived its Eleventh Amendment immunity in § 1983 cases, nor has Congress abated it."  *Holmes*

*v. Hale*, 701 F. App'x 751, 753 (11th Cir. 2017) (citing *Carr v. City of Florence, Ala.*, 916 F.2d 1521, 1525 (11th Cir. 1990)). Consequently, any claims lodged against the State of Alabama or ADOC are frivolous as these claims are "based on an indisputably meritless legal theory." *Neitzke v. Williams*, 490 U.S. 319, 327 (1989). They are therefore due to be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

### III.  CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that:

1. Plaintiff's claims against the State of Alabama and ADOC be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i);

2. Defendants State of Alabama and ADOC be DISMISSED with prejudice and terminated as parties to the complaint prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i); and

3. This case be REFERRED to the undersigned for further proceedings. Further, it is

ORDERED that **on or before August 26, 2019**, Plaintiff may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Plaintiff objects. Frivolous, conclusive or general objections will not be considered by the District Court. Plaintiff is advised this Recommendation is not a final order and, therefore, it is not appealable. Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of issues covered in the report and shall bar a party from attacking on appeal factual findings in the report

accepted or adopted by the District Court except upon grounds of plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done, this 12th day of August 2019.

/s/ Stephen M. Doyle
UNITED STATES MAGISTRATE JUDGE